U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 1 9 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MUTTASSIM EL HASSAN AHMED | CIVIL ACTION NO. 06-1558 |
| VERSUS | JUDGE HICKS |
| CHRIST TEMPLE CHURCH | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Muttassim El Hassan Ahmed ("Plaintiff") filed this civil action, without representation by an attorney, on a pre-printed form complaint designed for Title VII employment discrimination cases. Plaintiff's allegations do not, however, involve any assertion of employment discrimination or other viable Title VII claim.

Rather, Plaintiff alleges that he left several items of his personal property at the Christ Temple Baptist Church while he and his family were on a trip to Sudan, Africa. Plaintiff alleges that he contacted the pastor of the church during his trip and told the pastor that Plaintiff would have to extend his time in Sudan. The pastor allegedly replied that Plaintiff needed to move his belongings from the church. Plaintiff alleges that he then sent a friend, who had a key to the shelter room in which the property was stored, to retrieve the property, but the friend called and said there was nothing there to move. Plaintiff alleges that he has called the church several times since then but received no answer until September 11, 2006 (the day he filed this action) when he spoke to the church secretary who said none of

Plaintiff's property was at the church and that Plaintiff would need to speak to the pastor. Plaintiff names as defendants the church, the pastor and the secretary.

Federal courts do not have the authority to hear all disputes. They have limited jurisdiction, and it is the obligation of the person who brings the case to federal court to set forth facts that establish a legitimate basis for the federal court to exercise jurisdiction. "There is a presumption against subject matter jurisdiction that must be rebutted by the party brining an action to federal court." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). If the person bringing the action does not satisfy his burden of establishing jurisdiction, the federal action must be dismissed; the plaintiff may attempt to refile the case in a state court of proper jurisdiction.

The court, pursuant to its independent duty to ascertain a basis for subject matter jurisdiction, has reviewed the complaint submitted by Plaintiff. The two jurisdictional grounds upon which almost all claims come to federal court are 28 U.S.C. § 1331, which applies when the claim arises under federal law, and Section 1332, which applies when the action is between citizens of different states and the amount in controversy exceeds $75,000.

Plaintiff's complaint, other than in the pre-printed text of the form on which it was filed, does not specifically invoke any federal law, and the allegations do not appear to state a cause of action under any federal law. Plaintiff's civil cover sheet, which appears to have been prepared by the Clerk of Court, lists "28:1331pi" as the cause of action, but that jurisdictional statute does not in itself provide a basis for a cause of action. And even when

federal law is invoked in a complaint, the court lacks jurisdiction if the referenced claim is wholly insubstantial and frivolous. Williamson v. Tucker, 645 F.2d 404, 415 (5th Cir. 1981). That is true in this case. In the alternative, if the references to Title VII and Section 1331 give rise to jurisdiction, the complaint certainly does not state a federal cause of action upon which relief could be granted.

There is also no basis for diversity jurisdiction under Section 1332. It appears that all parties are domiciled in or otherwise are citizens of Louisiana. Furthermore, Plaintiff's complaint includes a list of the allegedly lost property and Plaintiff's estimated values of the more significant items. The total of the estimated values does not come close to exceeding $75,000 as is required for diversity jurisdiction. There are no other potential grounds for the federal court to exercise jurisdiction over this dispute, so Plaintiff must pursue any relief in connection with his claims in the appropriate state or city court.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** due to lack of subject matter jurisdiction.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 19th day of September, 2006.

                        MARK L. HORNSBY
                    UNITED STATES MAGISTRATE JUDGE

cc: Judge Hicks